**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARLOS FONSECA** | ) | **CASE NO.1:13CV1710** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant United States of America's Motion to Dismiss (ECF # 10). For the following reasons, the Court grants, in part, Defendant's Motion.

On August 7, 2013, Plaintiff Carlos Fonseca filed his Complaint with the Court, alleging Defendants "negligently failed to properly diagnose, treat, refer, supervise and/or monitor Plaintiff Carlos Fonseca's symptoms, complaints and medical conditions, and by otherwise providing substandard care and advice to the patient." (Complaint para. 2). The Complaint alleges a medical negligence claim under the Federal Tort Claims Act ("FTCA").

On October 21, 2013, Defendant United States of America filed a Motion to Dismiss,

arguing Plaintiff's Complaint fails to state a claim upon which relief may be granted because

it failed to attach an Affidavit of Merit as required by the Ohio Rules of Civil Procedure

10(D)(2).  According to Defendant, the Affidavit of Merit is a substantive requirement and

failure to comply mandates dismissal.

Plaintiff contends the Affidavit of Merit requirement under the Ohio Rules is a

procedural requirement that is not applicable to a proceeding filed in federal court, which

applies the Federal Rules of Civil Procedure.  The Federal Rules do not mandate an Affidavit

of Merit.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the court must accept as

true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
> "short and plain statement of the claim showing that the pleader is entitled to
> relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.
> Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require
> "detailed factual allegations," but it demands more than an unadorned, the-
> Defendant-unlawfully-harmed-me accusation.  *Id.* at 555... A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the elements of a
> cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it
> tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at
> 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face."
> *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> Defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility
> standard is not akin to a "probability requirement," but it asks for more than a
> sheer possibility that a Defendant has acted unlawfully.  *Ibid.*  Where a
> complaint pleads facts that are "merely consistent with" a Defendant's
> liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges

a pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499

F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)).

That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those

instances in which the complaint, on its face, does not otherwise set forth a plausible claim for

relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Ohio Rule of Civil Procedure 10

Under the Ohio Rules of Civil Procedure a plaintiff alleging a medical claim must

attach an affidavit by an expert attesting that the applicable standard of care has been

breached.  Ohio Rule of Civil Procedure 10(D)(2) reads:

**(D) Attachments to pleadings**

(2) *Affidavit of merit; medical liability claim.*

(a) Except as provided in division (D)(2)(b) of this rule, a complaint
that contains a medical claim, dental claim, optometric claim, or
chiropractic claim, as defined in section 2305.113 of the Revised Code,
shall include one or more affidavits of merit relative to each defendant
named in the complaint for whom expert testimony is necessary to
establish liability. Affidavits of merit shall be provided by an expert
witness pursuant to Rules 601(D) and 702 of the Ohio Rules of
Evidence. Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records

3

reasonably available to the plaintiff concerning the allegations
contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard
of care;

(iii) The opinion of the affiant that the standard of care was breached
by one or more of the defendants to the action and that the breach
caused injury to the plaintiff.

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, the United

States waives its immunity in certain circumstances.  28 U.S.C.§ 2674, states: "the United

States shall be liable, respecting the provisions of this title relating to tort claims, in the same

manner and to the same extent as a private individual under like circumstances." The FTCA

looks to the law of the place where the act or omission occurred.  See 28 U.S.C. §2674 and 28

U.S.C. § 1346.  See also *Young v. U.S.* 71 F.3d 1238, 1242 (6th Cir. 1995) quoting *Friedman*

*v. United States*, 927 F.2d 259, 261 (6th Cir.1991) ("stating that, because 'there is no general

civil tort law applicable to the United States,' liability is determined under state law.").

The Sixth Circuit defines a substantive law as "one that gives rise to 'state-created

rights and obligations' or is otherwise 'bound up with these rights and obligations in such a

way that its application to federal court is required.'" *Shropshire v. Laidlaw Transit, Inc.*, 550

F.3d 570, 574 (6th Cir.2008) *cert. denied*, 130 S.Ct. 110 (2009) (quoting *Byrd v. Blue Ridge*

*Rural Elec. Corp.*, 356 U.S. 525, 535 (1958)).  "The question is ... does it significantly affect

the result of a litigation for a federal court to disregard a law of a State that would be

controlling in an action upon the same claim by the same parties in a State court?"  *Hanna v.*

*Plumer*, 380 U.S. 460, 466 (1965).  This outcome-determinative test must be read with

"reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id*. at 468.

The issue before the Court is straight forward.  Is Ohio's Affidavit of Merit requirement substantive or procedural?  If the Federal Rules apply, no Affidavit of Merit is required.  If substantive, then the case must be dismissed for failure to comply.  While the majority of courts considering this issue have determined it is substantive, a recent decision from a judge in this district held the Affidavit is not required.   After considering the briefs and caselaw, the Court holds Ohio Rule 10(D)(2) is substantive.

According to the Ohio Supreme Court, the purpose behind the rule is "to deter the filing of frivolous medical-malpractice claims;" and compliance is required "to establish the adequacy of the complaint."  *Fletcher v. Univ. Hosp. of Cleveland*, 120 Ohio St.3d 167, 170 (2008).

Rule 10(D)(2) has been held substantive, and applied in two medical negligence cases (admittedly not FTCA cases) in the Northern District of Ohio.  *Nicholson v. Catholic Health Partners*, No. 4:08CV2410, 2009 WL 700768 (N.D. Ohio Mar. 13, 2009) (Economus, J.); and *Perotti v. Medlin*, No. 4:05CV2739, 2009 WL 723230 (N.D. Ohio Mar. 16, 2009) (Economus, J.).

Several other jurisdictions agree that similar state rules of procedure operate as substantive law to adjudicate FTCA cases.  Specifically, the Third, Eighth and Tenth Circuits have applied state requirements for certificates or affidavits of merit to FTCA cases.  See, *Cestnik v. Fed. Bureau of Prisons*, 84 Fed. Appx. 51, 53-54 (10th Cir.2003); *Bramson v. Sulayman*, 251 Fed. Appx. 84, 87 n.2 (3d Cir.2007); and *Mathison v. United States*, 44 Fed.

Appx. 27, 29 (8th Cir. 2002).

The Honorable Patricia A. Gaughan, United States District Judge, rendered a decision directly addressing this issue. *Laverne Daniel v. United States*, No. 1:09CV2371, 2010 WL 481267 (N.D. Ohio Feb. 5, 2010).  In *Daniel*, the plaintiff instituted a medical malpractice action against the United States for failure to properly diagnose and treat plaintiff, resulting in the amputation of his right leg.  That plaintiff likewise failed to attach the Affidavit of Merit and the United States moved for dismissal pursuant to Ohio Rule of Civil Procedure 10(D)(2). The Court decided the Ohio rule is substantive because it is outcome-determinative and it must be applied in FTCA actions.  Defendant's Motion to Dismiss was granted.  Likewise the Honorable Solomon Oliver United States District Court Chief Judge, agreed that Ohio Rule 10(D)(2) was substantive in *Welker v. United States*, 1:10CV670 (N.D. Ohio June 10, 2010).

However, another Judge within this District, the Honorable James S. Gwin,  has concluded Ohio Rule 10's affidavit requirement is not binding on federal courts.  See *Thompson v. United States* No. 1:13CV550, 2013 WL 3480347 (N.D. Ohio, July 10, 2013).

 Defendant argues Ohio Rule 10(D)(2) is outcome-determinative and substantive because, if it is not applied, the federal government would be exposed to liability in the federal courts when a cause of action involving similar conduct would be dismissed in a diversity case or a state court action.  Such a result would run contrary to the FTCA limited waiver of sovereign immunity and would cause the "inequitable administration of the laws" prohibited by the Supreme Court in *Hanna*, 380 U.S. at 468.

Plaintiff counters that Ohio Rule 10(D)(2) is procedural; and further, that the Federal Rules of Civil Procedure allow for notice pleading and contain no such heightened

requirement.  Forum-shopping is not a worry because there is no other forum to adjudicate

FTCA cases.  Plaintiff further insists the rule is procedural because dismissal for failure to

attach an Affidavit of Merit is a dismissal otherwise than on the merits.  Rule 10(D)(2)(d).

Upon consideration of all the arguments, and in light of the well-reasoned decisions

cited by Defendant, the Court finds that Ohio substantive law applies in this FTCA case; and

that Ohio Rule 10(D)(2) is outcome-determinative and, thus, substantive.

Plaintiff asks the Court, to grant him an additional thirty days to provide the affidavit

if it determines Ohio Rule 10 is substantive.  Rule 10 permits such an extension for good

cause.  Here, the Court finds Plaintiff reasonably relied on the *Thompson* case and therefore,

has shown good cause sufficient to grant his request for a thirty day extension.  Therefore, the

Court orders to Plaintiff to file within thirty days of the date of this Order, an Affidavit of

Merit.  Failure to timely file the Affidavit will result in dismissal without prejudice.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  December 23, 2013